IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-228-BO-BM

| | |
|---|---|
| BRANDEN HARGROVE, ESTATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| STATE EMPLOYEES' CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motion to dismiss for failure to state a claim. [DE 13]. Plaintiff has responded in opposition. [DE 18]. The Court also considers plaintiff's motion for leave to amend the complaint [DE 19], to which defendant responded [DE 23] and plaintiff replied [DE 24]. In this posture, the motions are ripe for ruling. For the following reasons, the motion for leave to amend the complaint is denied and the motion to dismiss is granted.

BACKGROUND

Plaintiff Branden Hargrove, a living man, purports to bring this action on behalf of the Estate of Branden Hargrove, "a non-living legal entity." [DE 1, p. 1]. In his complaint, he alleges that on or around April 1, 2025, he submitted a private credit application to defendant State Employees' Credit Union (SECU) for the settlement of a real estate transaction valued at $1,285,000. *Id.* at ¶ 4. He attached an "Affidavit of Tender, Notice of Collateral and Financing Terms, Instructions to Process Tender, Durable Power of Attorney, Declaration of Principal's Interest, and the Purchase Agreement." *Id.* at ¶ 5. When SECU did not respond, plaintiff "issued a Notice of Dishonor, Affidavit of Commercial Harm, and Final Default." *Id.* at ¶¶ 6–7.

He asserts four claims: (1) breach of contract, (2) unjust enrichment, (3) commercial injury, and (4) violation of 15 U.S.C. § 1601 et seq.

## DISCUSSION

### I. Failure to State a Claim

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. See Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard does not require detailed factual allegations, *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019), but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

#### a. *Count I: Breach of Contract*

To plead breach of contract under North Carolina law, a plaintiff must allege (1) the existence of a valid contract, and (2) breach of the terms of the contract. *Poor v. Hill*, 138 N.C. App. 19, 26 (2000). Plaintiff alleges defendant "entered into a binding commercial obligation by receiving and retaining the credit tender." [DE 1, ¶ 12]. Because plaintiff does not allege that

2

defendant accepted the application, however, no contract was formed. "These basic principles of contract law are recognized not only in real estate transactions but in bargaining situations generally. It is axiomatic that a valid contract between two parties can only exist when the parties 'assent to the same thing in the same sense, and their minds meet as to all terms.'" *Normile v. Miller*, 313 N.C. 98, 103 (1985) (quoting *Goeckel v. Stokely*, 236 N.C. 604, 607 (1952)).

Plaintiff's allegation that defendant entered a contract with him is conclusory, because he alleges no further facts indicating any agreement was formed—only that defendant failed to respond. If there is no plausible allegation of a contract, there can be no breach of contract. Plaintiff failed to state a claim for breach of contract.

### b. *Count II: Unjust Enrichment*

Under a claim for unjust enrichment, a plaintiff must establish certain essential elements: (1) a measurable benefit was conferred on the defendant, (2) the defendant consciously accepted that benefit, and (3) the benefit was not conferred officiously or gratuitously." *Lake Toxaway Cmty. Ass'n, Inc. v. RYF Enterprises, LLC*, 226 N.C. App. 483, 490 (2013). Plaintiff seems to allege SECU was unjustly enriched "by the mere receipt of Plaintiff's Credit Application and accompanying documents." [DE 14, p. 7]. "The application was supported by a complete credit packet including, but not limited to, an Affidavit of Tender, Notice of Collateral and Financing Terms, Instructions to Process Tender, Durable Power of Attorney, Declaration of Principal's Interest, and the Purchase Agreement." [DE 1, ¶ 5]. These notices, affidavits, and instructions do not confer a measurable benefit on SECU, and plaintiff's assertion that SECU accepted something of value is conclusory. [DE 1, ¶ 15].

3

### c. *Count III: Commercial Injury*

Plaintiff asserts a claim for "commercial injury." Contrary to plaintiff's assertion, there does not appear to be any such cause of action recognized at "common law" or "commercial law." [DE 18]. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)). Plaintiff fails to state a "commercial injury" claim.

### d. *Count IV: Violation of 15 U.S.C. § 1601*

Plaintiff contends that SECU's "failure to disclose and honor lawful tender violates 15 U.S.C. § 1601 et seq. and Regulation Z. Plaintiff does not cite any specific provision of the Truth in Lending Actor of Regulation Z, nor explain how SECU violated it. Courts routinely dismiss such claims where no valid loan agreement is alleged. *See, e.g., Vaughn v. Ally Fin., Inc.*, No. 1:24-CV-6, 2024 WL 4349088, at *3 (M.D.N.C. Sept. 30, 2024) (summarily dismissing a poorly framed Truth in Lending Act claim).

## II. Motion to Amend

Plaintiff moved for leave to amend his complaint under Fed. R. Civ. P. 15(a)(2). Defendant responded in opposition, addressing the possibility that the Court might construe his motion as for leave to amend under Fed. R. Civ. P. 15(a)(1)(B), given that plaintiff moved within the time period allowed for amendments as a matter of course. In his reply, plaintiff asserted that his amendment was timely under Rule 15(a)(1)(B).

4

The Court denies leave to amend under Rule 15(a)(2) because amendment would be futile. "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Plaintiff's proposed amended complaint relies on the same exhibits and legal arguments as his original complaint.

To the extent plaintiff has amended his complaint as a matter of course and requires no leave from the Court, the Court treats defendants' motion to dismiss as against the amended complaint. When a motion to dismiss had been directed at the original complaint, and the original complaint is no longer in effect, the motion to dismiss is liable to become moot. Not every amended complaint, however, renders a motion to dismiss moot merely because the motion predated the amendment.

> The Court may--but is not required to--deny as moot a motion to dismiss filed before an amended complaint. "If some of the defects raised in the original motion remain in the new pleading, the court . . . may consider the motion [to dismiss] as being addressed to the amended pleading." Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990).

*Scott v. Nuvelle Fin. Servs., LLC*, 2010 U.S. Dist. LEXIS 40225, *5–6. Where, as here, the amended complaint is subject to criticism on the same grounds as the original, the Court may construe a motion to dismiss the original complaint as against the amended complaint. This is especially true when the movants have reviewed the proposed amended complaint and opposed it on futility grounds. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (proposed amendments are futile if they "could not withstand a motion to dismiss").

5

Case 5:25-cv-00228-BO-BM    Document 28    Filed 02/03/26    Page 5 of 6

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 13] is GRANTED. Plaintiff's motion for leave to amend the complaint [DE 19] is DENIED. To the extent plaintiff amended his complaint as a matter of course, defendants' motion to dismiss is treated as against the amended complaint and is GRANTED.

SO ORDERED, this __3__ day of February 2026.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:25-cv-00228-BO-BM    Document 28    Filed 02/03/26    Page 6 of 6